WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Ray Lockwood, | ) CIV 12-1440-PHX-ROS (MHB) |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |
| | ) |

TO THE HONORABLE ROSLYN O. SILVER, CHIEF JUDGE, UNITED STATES DISTRICT COURT:

Petitioner Carl Ray Lockwood, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  On September 14, 2012, Respondents filed an Answer (Doc. 9), and on October 23, 2012, Petitioner filed a traverse (Docs. 12, 13).

## BACKGROUND[1]

In September of 1999, Petitioner pled guilty to sexual conduct with a minor and attempted sexual conduct with a minor in exchange for the dismissal of 14 other charges. (Exhs. A, B.)  On January 5, 2000, the trial court sentenced Petitioner to a presumptive 20-year term of imprisonment for his conviction of sexual conduct with a minor, to be followed

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 9 – Respondents' Answer.

1  by a term of lifetime probation on his conviction of attempted sexual conduct with a minor.[2]
2  (Exh. C.)

3        On March 22, 2000, Petitioner filed a timely notice of post-conviction relief (PCR)
4  pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Exh. D.)  In a
5  simultaneously filed PCR petition, Petitioner alleged that trial counsel was ineffective and
6  asked the trial court to correct his sentence.  (Exh. E.)  The trial court denied relief on August
7  20, 2001, stating that "[t]he relief requested by [Petitioner] is not compatible with his claims
8  of error."  (Exh. F.)

9        In his petition for review filed with the Arizona Court of Appeals on September 21,
10  2001, Petitioner argued that trial counsel was ineffective, that the factual basis for his guilty
11  plea had not been established, and that the State had breached the plea agreement.  (Exh. G.)
12  The appellate court denied review on July 25, 2002.  (Exh. H.)  Petitioner did not seek further
13  review.

14        On November 25, 2005, Petitioner filed a successive PCR petition, arguing that his
15  20-year sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004).
16  (Exh. J.)  The trial court dismissed the petition on January 10, 2006, finding that Petitioner
17  was not entitled to relief under Blakely.  (Exh. I.)  On May 9, 2006, the Arizona Court of
18  Appeals dismissed Petitioner's petition for review as untimely.  (Exh. K.)

19        On June 2, 2010, Petitioner filed in the trial court a "Motion for Sentence
20  Modification for Exceeding Subject Matter Jurisdiction," in which he argued that the lifetime
21  probation he must serve following the expiration of his prison sentence violates his rights
22  under the Fifth, Sixth, Eighth, and Fourteenth Amendments.  (Exh. L.)  The trial court denied
23  Petitioner's motion without comment.  (Exh. M.)  Petitioner raised the same issues in a
24  petition for review to the Arizona Court of Appeals.  (Exh. N.)  The appellate court treated
25  the underlying motion as a Rule 32 petition, and denied review.  (Exh. O.)  Thereafter, the

28        [2] The file stamp of the minute entry at Exh. C is misdated as January 5, 1999.

1   Arizona Supreme Court denied Petitioner's subsequent petition for review without comment.

2   (Exh. P.)

3           On July 3, 2012, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus (Doc. 1).

4   Petitioner raises two grounds for relief:  (1) Lifetime probation violates Petitioner's Fifth,

5   Eighth, and Fourteenth Amendments rights to be free from cruel and unusual punishment;

6   and (2) Lifetime probation violates Petitioner's Fifth and Fourteenth Amendment rights to

7   equal protection.  On September 14, 2012, Respondents filed an Answer (Doc. 9), and on

8   October 23, 2012, Petitioner filed a traverse (Docs. 12, 13).

9                                    **DISCUSSION**

10          In their Answer, Respondents contend that Petitioner's habeas petition is untimely

11  and, as such, must be denied and dismissed.

12          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

13  statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

14  See 28 U.S.C. § 2244(d)(1).  The statute provides:

15          A 1-year period of limitation shall apply to an application for a writ of habeas
16          corpus by a person in custody pursuant to the judgment of a State court.  The
            limitation period shall run from the latest of –

17          (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
18
19          (B) the date on which the impediment to filing an application created by State
            action in violation of the Constitution or laws of the United States is removed,
            if the applicant was prevented from filing by such State action;
20
21          (C) the date on which the constitutional right asserted was initially recognized
            by the Supreme Court, if the right has been newly recognized by the Supreme
            Court and made retroactively applicable to cases on collateral review; or
22
23          (D) the date on which the factual predicate of the claim or claims presented
            could have been discovered through the exercise of due diligence.

24          An "of-right" petition for post-conviction review under Arizona Rule of Criminal

25  Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct

26  review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  See Summers v. Schriro, 481

27  F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the

28

1    conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking

2    such review.  See id.

3         Additionally, "[t]he time during which a properly filed application for State post-

4    conviction or other collateral review with respect to the pertinent judgment or claim is

5    pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see Lott

6    v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending

7    after it is filed with a state court, but before that court grants or denies the petition."  Chavis

8    v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  A state petition that is not filed, however,

9    within the state's required time limit is not "properly filed" and, therefore, the petitioner is

10   not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When

11   a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

12   purposes of § 2244(d)(2)."  Id. at 414.

13        In Arizona, post-conviction review is pending once a notice of post-conviction relief

14   is filed even though the petition is not filed until later.  See Isley v. Arizona Department of

15   Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

16   is also pending during the intervals between a lower court decision and a review by a higher

17   court.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

18   536 U.S. 214, 223 (2002)).  However, the time between a first and second application for

19   post-conviction relief is not tolled because no application is "pending" during that period.

20   See id.  Moreover, filing a new petition for post-conviction relief does not reinitiate a

21   limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer,

22   321 F.3d 820, 823 (9th Cir. 2003).

23        The statute of limitations under the AEDPA is subject to equitable tolling in

24   appropriate cases.  See Holland v. Florida, —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177

25   L.Ed.2d 130 (2010).  However, for equitable tolling to apply, a petitioner must show "'(1)

26   that he has been pursuing his rights diligently and (2) that some extraordinary circumstances

27   stood in his way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace,

28   544 U.S. at 418).

- 4 -

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. Petitioner was sentenced under the plea agreement on January 5, 2000. On March 22, 2000, Petitioner filed a timely notice of PCR. The trial court dismissed the Rule 32 proceedings on August 20, 2001. Petitioner filed a timely petition for review to the Arizona Court of Appeals on September 21, 2001, and the appellate court denied review on July 25, 2002. Petitioner's convictions and sentences became final on August 24, 2002 – 30 days after the Arizona Court of Appeals affirmed his convictions and sentences, when the time for filing a petition for review to the Arizona Supreme Court expired. See Ariz.R.Crim.P. 31.19. The statute of limitations began to run on August 25, 2002 – one day after the 30-day period – and expired one year later – on August 25, 2003.

Because the statute of limitations had passed by the time Petitioner filed his November 25, 2005 PCR petition and June 2, 2010 "Motion for Sentence Modification for Exceeding Subject Matter Jurisdiction," the petition or motion did not toll the limitations period. See Pace, 544 U.S. at 417 (holding that time limits for filing a state post-conviction petition are filing conditions which, if not met, preclude a finding that a state petition was properly filed). An untimely state post-conviction petition does not restart an already expired statute of limitations. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner filed the instant habeas petition on July 3, 2012 – almost 9 years after the limitations period expired. The habeas petition is therefore untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a

timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418.  Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition.  <u>See</u> <u>Bryant v. Arizona Attorney General</u>, 499 F.3d 1056, 1060 (9th Cir. 2007).

Here, Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling.  Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling.  <u>See, e.g.,</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").  Moreover, Petitioner's unsupported claim of "newly-discovered evidence/material facts" is unpersuasive.  Petitioner fails to cite any newly discovered evidence and appears to abandon this claim in his traverse.  Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

1    This recommendation is not an order that is immediately appealable to the Ninth

2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4  parties shall have fourteen days from the date of service of a copy of this recommendation

5  within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);

6  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

7  days within which to file a response to the objections.  Failure timely to file objections to the

8  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

9  and Recommendation by the district court without further review.  See United States v.

10  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

11  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

12  to appellate review of the findings of fact in an order or judgment entered pursuant to the

13  Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

14    DATED this 30th day of November, 2012.

15

16

17                    Michelle H. Burns
                    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28