IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Ray Lockwood,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-12-01440-PHX-ROS<br><br>**ORDER** |

On July 3, 2012, Petitioner Carl Ray Lockwood filed a petition for writ of habeas corpus. (Doc. 1). On December 3, 2012, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") recommending the petition be denied as untimely. Petitioner filed objections to the R&R. (Doc. 17).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.* Generally, objections must be *specific*. Fed. R. Civ. P. 72(b)(2). And "general, non-specific objections" are not sufficient to require the District Court "conduct *de novo* review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005 (D. Ariz.).

A "petition for writ of habeas corpus ordinarily must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the

1 time to seek direct review." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). This one-year clock is subject to statutory and equitable tolling. *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). As explained in the R&R, Petitioner's conviction became final on August 24, 2002. Thus, Petitioner should have filed his petition no later than August 25, 2003. Absent statutory or equitable tolling, the petition is well outside the permissible time frame.

The application of statutory tolling is straightforward. Petitioner did not have any form of request for post-conviction relief pending in state court between August 2002 and November 2005. Petitioner's filings in state court after the one-year period expired cannot revive the federal limitations period. Accordingly, there is no basis for statutory tolling in this case.

Equitable tolling is appropriate when a petitioner can show "extraordinary circumstances were the cause of an untimely filing." *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012). In an attempt to establish equitable tolling, Petitioner argues he had limited legal resources and lacked representation. Such circumstances are not sufficient to justify equitable tolling. *See, e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not sufficient to warrant equitable tolling).

Finally, the Court notes that even if it were to reach the merits of Petitioner's claim, he would not be entitled to relief. The sole basis on which Petitioner seeks relief is that a sentence of lifetime probation constitutes cruel and unusual punishment. The United States Supreme Court has established "gross disproportionality" as the relevant determination when assessing inappropriate sentencing claims. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Imposing a sentence of lifetime probation for an individual who pled guilty to sexual conduct with a minor and attempted sexual conduct with a minor was not grossly disproportionate.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**. The petition for a writ of habeas corpus is **DENIED**. The Clerk shall enter judgment accordingly.

1    **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**. Dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 30th day of January, 2013.

_____
Roslyn O. Silver
Chief United States District Judge